PHEBE A. CONNOR, ADMINISTRATRIX OF WM. A. CONNOR, DECEASED, v. THE DUNDEE CHEMICAL WORKS.

1. A general allegation in pleading that a sealed instrument was obtained by fraud is not sufficient; the fraud must be set out.
2. Fraud in the consideration of a sealed instrument can, by force of the act, only be shown, at law, when such instrument is sued on, or when a set-off is founded on it.

On demurrer to replication.

Argued at November Term, 1887, before BEASLEY, CHIEF JUSTICE, and Justices DIXON, REED and MAGIE.

For the demurrant, *John W. Griggs*.

For the plaintiff, *John T. Dunn*.

The opinion of the court was delivered by

BEASLEY, CHIEF JUSTICE. This suit is founded on the "Act to provide for the recovery of damages in cases where the death of a person has been caused by wrongful act, neglect or default."

No fault is found with the declaration. The basis of the third plea is a release. It sets out in substance that after the commission of the grievances and before the commencement of the suit, &c., "the said plaintiff, by her certain release, in writing, sealed with her seal," &c., did demise, release and forever discharge the defendant from all "manner of action and actions, cause and causes of action, suits," &c., in law or in equity, "which against the said defendant the said plaintiff or the estate of the said William A. Connor, ever had, or which the said plaintiff, or the estate of the said William A. Connor, or his personal representatives could, should or might have," &c.

To this defence the plaintiff replied that the supposed writing of release, &c., was obtained from the plaintiff "by the fraud and covin of the defendant."

The defendant has demurred to this replication.

One ground taken on the argument in support of the demurrer was that the replication was bad, as it did not show the circumstances, but simply averred that the instrument was obtained by the fraud of the defendant.

That this form of pleading is inadmissible and fatally defective was decided in this court in the case of *Hudson* v. *Inhabitants of Winslow*, 6 *Vroom* 444. In regard to this point the decision does not appear to have found its way into the digest, and thus, probably, escaped the attention of counsel. The plea in that case was similar in frame and substance to the present replication.

The *rationale* of this doctrine is obvious. It is a mistake to suppose that it is a mere technical rule. The principle exists because the defence of fraud, pleaded in this general way, does not necessarily constitute a defence. So presented, it would be equally applicable to fraud in the consideration or fraud in the execution of the instrument, and yet, if it relates to the former covin, it is no defence, even if it exists, unless there has been a rescission of the contract or an entire failure of the consideration. This doctrine is exemplified and explained in *Lord* v. *Brookfield*, 8 *Vroom* 552. When, there-

fore, the plaintiff blankly avers that this release was " obtained by fraud," he shows upon the record a fact that may or may not avoid it. Consequently it is not properly pleaded as a bar.

But again it is said that if the fraud indicated in the replication relates to the consideration of the instrument it cannot, under the conditions of this case, be set up at the trial in order to defeat this release, and that it therefore cannot be pleaded in any form whatever. The argument here proceeds thus : that at common law a sealed instrument could not be avoided in a court of law, for deceit in the consideration, and that a release set up in a plea does not come within the scope of the statutory relaxations of the rule.

Before the intervention of the legislature it was the settled rule in this state that before a legal tribunal fraud in relation to the consideration of a sealed instrument was no defence at law. No cases will be referred to in support of so familiar a doctrine. Such being the state of the law, the legislature, in the year 1871, passed an act declaring that " in any action upon any instrument in writing, under seal, the defendant in such action may plead and set up as a defence therein fraud in the consideration of the contract," as fully as if the instrument was not under seal. *Rev., p.* 380, § 16. And in the year 1875 further enacted that in every action upon a sealed instrument, or where a set-off is founded on a sealed instrument, the seal should be only presumptive evidence of a sufficient consideration which might be rebutted as if such instrument were not sealed.

These modifications are clearly defined and are operative in only the two specified instances, viz. : where the suit is founded on the sealed instrument, and second, when it is resorted to for the uses of a set-off. In the case in hand the sealed instrument is not used for either of these purposes, and plainly it is not, in this connection, within the operation of either of these statutes, the consequence being that it is subject to the common law. Fraud in the consideration would not be a shield against this release at the trial, as the evidence

on that subject would be overruled; it follows, therefore, that such fraud cannot be pleaded.

The demurrer is well taken to this replication.